**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02824-REB

FRANK MOSES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1][1] filed November 19, 2010, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that he is disabled as a result of lumbar degenerative disease and pain and other residuals of a left hip replacement. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 2, 2009. At the time of the hearing, plaintiff was 53 years old. He has a tenth grade education with a general equivalency

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

diploma and past relevant work experience as a an electric line installer and construction worker. Plaintiff has not engaged in substantial gainful activity since May 15, 2008, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[2] The ALJ found that plaintiff had the residual functional capacity to perform light work with postural limitations. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that he could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518,

---

[2] Other impairments, specifically depression and hepatitis C, were found to be non-severe, a determination that plaintiff does not challenge in this appeal.

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

In this appeal, plaintiff contends that the ALJ erred in discrediting his subjective complaints of pain and rejecting the opinion of his treating source. Finding no such

error in the ALJ's decision, I affirm.

Plaintiff first argues that the ALJ failed to properly evaluate and thus improperly discredited his subjective complaints of pain and functional limitation. The Tenth Circuit has outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

***Musgrave***, 966 F.2d at 1375-76 (citing ***Luna v. Bowen***, 834 F.2d 161, 163-64 (10th Cir. 1987)). Nevertheless, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (citing ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ linked her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference. ***Id.*** at 910; *see also **Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).

Plaintiff faults the ALJ for failing to adequately discuss the various factors contemplated by 20 C.F.R. § 404.1529(c)(3), which describes various relevant considerations in evaluating subjective complaints of pain and other symptoms.[3] The

---

[3] These factors are

> (I) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

ALJ's opinion belies this objection.  The ALJ thoroughly discussed plaintiff's testimony regarding precipitating and aggravating factors, his daily activities, the types of medications he took and their reported side effects, and other treatment modalities he used to control his pain.  (*See* Tr. 23-24.)  Contrary to the implication of plaintiff's argument, so long as the ALJ links her findings to specific evidence in the record, the law "does not require a formalistic factor-by-factor recitation of the evidence" supporting the credibility determination.  *Qualls*, 206 F.3d at 1372.  Essentially, plaintiff would have me reweigh the evidence before the ALJ, but I am without authority to do.  *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001), *republished as corrected*, 287 F.3d 903 (10th Cir. 2001).

Plaintiff also faults the ALJ for finding him less credible based on his receipt of unemployment benefits, as well as for failing to consider his prior work history.  Neither argument has merit.  The ALJ noted correctly that in order to receive unemployment benefits, plaintiff was required to affirm that he was willing and able to work.  (Tr. 23-24.)  Such affirmations are inconsistent with claims of disability and thus negatively impact a claimant's credibility.  *See Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Schmidt v. Barnhart*, 395 F.3d 737, 745-46 (7th Cir. 2005); *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997).

---

      (vi)  Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
      (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 1529(c)(3)(I) - (vii).

As for work history, while "[t]o be sure, a good work history may be deemed probative of credibility," nevertheless, "[w]ork history . . . is just one of many factors appropriately considered in assessing credibility." ***Wavercak v. Astrue***, 420 Fed. Appx. 91, 94 (2nd Cir. April 25, 2011) (citations and internal quotation marks omitted). I thus find no error in the ALJ's credibility assessment.

Next, plaintiff argues that the ALJ improperly assigned no weight to the opinion of his treating source, nurse practitioner Sara Kelley. The ALJ discussed Nurse Kelley's opinion that plaintiff could occasionally lift up to 10 pounds and occasionally carry up to 20 pounds; could sit, stand, and walk for up to four hours a day each for 30 minutes at a time; and would have limited use of his upper and lower extremities, postural limitations, and environmental workplace restrictions. (Tr. 24-25, 332-336.) Nevertheless, she found that the opinion was not supported by the objective medical findings, specifically that there was no medical evidence suggesting any limitations on the use of plaintiff's upper extremities or indicating that environmental restrictions were required. (Tr. 25.)

As the ALJ noted, a nurse practitioner such as Kelley is not an "acceptable medical source" within the meaning of the Commissioner's regulations. She therefore cannot be considered a "treating source," whose opinion might be entitled to controlling (i.e. determinative) weight if otherwise well supported by the record. ***See Weaver v. Astrue***, 2009 WL 3838280 at *3 (10th Cir. Nov 18, 2009); ***Frantz v. Astrue***, 509 F.3d 1299, 1301 (10th Cir. 2007). Nevertheless, the Commissioner has recently recognized that given the realities of modern-day managed healthcare,

> medical sources who are not "acceptable medical sources,"
> such as nurse practitioners, physician assistants, and

7

> licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

**Social Security Ruling** 06-03p, 2006 WL 2329939 at *3 (SSA Aug. 9, 2006) [hereinafter "**SSR** 06-03p"]. Opinions of such sources still must be considered, applying the same factors as are generally used to assess treating source opinions. *Id.* at *4; *see also Frantz*, 509 F.3d at 1302.[4] The ALJ complied with this obligation.

At the same time, the ALJ also noted that the residual functional capacity assessment of the single decisionmaker ("SDM"), although entitled to no weight, was consistent with the record evidence. (Tr. 25, 207-214.) *See Velasquez v. Astrue*, 2008 WL 791950 at *3 (D. Colo. Mar. 20, 2008) (Blackburn, J.) (opinion of SDM, who is not a medical professional of any stripe, entitled to no weight). The ALJ ultimately incorporated the precise restrictions suggested by the SDM into her residual functional capacity determination. It thus appears, at least superficially, that the ALJ rejected the opinion of Nurse Kelley and adopted the opinion of the SDM.

---

[4] These factors include:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 416.1527(d)(2)-(6). *See also* **SSR** 06-03p, 2006 WL 2329939 at *4-5.

8

The problem with this argument is that the ALJ was not required to adopt or rely on *any* medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion. **Social Security Ruling** 96-5p, 61 Fed. Reg. 34471-01 at *34472 (SSA July 2, 1996); *Langley v. Astrue*, 777 F.Supp.2d 1250, 1252 (N.D. Ala. 2011); *Howard v. Commissioner of Social Security Administration*, 2010 WL 908660 at *9 (N.D. Ohio March 12, 2010). Rather, it is an administrative decision reserved exclusively to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2) & 404.1546; *Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000). Although it must be based on some medical evidence, *see Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995), it is ultimately an opinion distilled from "*all* of the relevant evidence in [the] . . . record," 20 C.F.R. § 404.1545(a)(1) (emphasis added), including both "relevant medical *and other evidence*," *id.* § 404.1545(a)(3) (emphasis added). *See also Smith v. Astrue*, 2010 WL 3861846 at *20 (M.D. Ala. Sept. 27, 2010) (residual functional capacity determination "must be based upon all the relevant evidence such as medical signs and clinical findings, effects of treatment, medical source statements, and reports of daily activities") (citation and internal quotation marks omitted).

Accordingly, the ALJ may reject a medical source opinion regarding residual functional capacity if the totality of evidence supports a contrary finding. *See Smith*, 2010 WL 3861846 at *20. Although the opinion must be based on all the evidence of record, including the available medical evidence, the ALJ need not adopt any particular medical or other source opinion on that matter. *See Murphy v. Astrue*, 2008 WL

4097465 at *4 (D. Colo. Sept. 3, 2008). **See also Combs v. Astrue**, 2012 WL 175028 at *2 (E.D. Va. Jan. 20, 2012) (rejecting argument that ALJ cannot make residual functional capacity determination in absence of medical evidence from a treating source); **Bryge v. Astrue**, 2011 WL 887670 at *6 n.1 (E.D. Tenn. March 14, 2011) (no error in making determination of residual functional capacity greater than suggested by treating physician but less "optimistic" than assessments of examining sources). Instead, the ALJ is required simply to "consider and address medical source opinions" and, "[i]f the RFC assessment conflicts with an opinion from a medical source, . . . explain why the opinion was not adopted." **Social Security Ruling** 96-8p, 1996 WL 374184 at *7 (SSA July 2, 1996).

The ALJ concluded ultimately that the limitations suggested by the SDM were "supported by and consistent with the record as a whole." (Tr. 25.) Her thorough evaluation of the medical and other evidence of record does not suggest that this statement was a mere conclusion in the guise of findings. (Tr. 20-24.) **See Cox v. Apfel**, 2000 WL 1472729 at *8 (D. Kan. Feb. 24, 2000) (citing **Hamilton v. Secretary of Health & Human Services**, 961 F.2d 1495, 1498-99 (10th Cir.1992)) (ALJ's suggestion that she has considered all evidence sufficient if record provides no reason to question that assertion). She also discharged her duty to consider and explain her reasons for not crediting Nurse Kelley's opinions. I therefore find and conclude that there is no reversible error in the ALJ's determination of plaintiff's residual functional capacity.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated April 17, 2012, at Denver, Colorado.

**BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge